CLARENCE SMITH

VS

RAPHAEL DE LOS REYES

**8905**

NO. 8905

COURT OF APPEAL

PARISH OF ORLEANS

- - - -

- - -

WILLIAM A. BELL. JUDGE.

- - -

APRIL 2, 1923.

315

By WILLIAM A. BELL, Judge.

The defendant has appealed from a judgment awarding plaintiff damages as prayed for in the sum of $172.00, for injuries to plaintiff's automobile. There is no dispute as to the extent of the damages, the sole question for determination being one of fact going to establish the negligence of plaintiff or defendant. The suit arises from a collision between defendant's Ford Sedan and plaintiff's Scripps-Booth Coupe, which occurred on Sunday noon, August 13, 1921, at the corner of Bourbon and St. Ann Streets. The weather was raining and the street wet. Each of the litigants claims that the other negligently collided with his car and that each was guilty of violating the city ordinance by exceeding the speed limit. Plaintiff also charges defendant with additional negligence in that ne failed to come to a full stop before continuing out St. Ann Street and across Bourbon Street, the latter street being a one-way, right-of-way street.

The evidence is most conflicting except in respect to the location of the cars after the collision. All parties agree that after the collision plaintiff's car continued in an angular direction striking a post on the lower, wood corner of Bourbon and St. Ann Streets, and the defendant's car was headed around into and continued down Bourbon Street for a distance of nearly a third of a block. One of the defendant's witnesses swears that after the collision she saw plaintiff's car with its radiator against the post. Both of plaintiff's witnesses confirm this fact and none of defendant's witnesses have denied it. The nature of the damages to plaintiff's car clearly indicate that it either collided with or was struck by two different objects. It is most apparent that the object which caused the damage to the right side of plaintiff's car could not have been the same object which damaged plaintiff's radiator, and since the radiator is shown

to have been resting head-on against the post, it must be plainly
seen that the post and not defendant's car caused this particular
damage. There is no doubt that the two cars collided, hence the
~~resulting~~ *remaining* damage, that is, the damage to the right side of plain-
tiff's car, is bound to have been caused by defendant's collision
with plaintiff's car. The damage to the left side of defendant's
car and its ultimate direction down Bourbon Street, convinces us
that it was defendant's car which ran into plaintiff's car while
the latter was taking a left oblique direction in its effort to
avoid a collision with defendant's car. Moreover, one of defend-
ant's witnesses who was seated alongside of the driver and in the
front of defendant's car, swears that at the moment of the col-
lision she almost went through the front glass and that she hit
her head. This could not have been the case if defendant's car
had been hit on the side by plaintiff's on-coming car.

This brings us to the consideration of the proximate
cause of the accident and also to the question as to which of the
litigants', if either, negligence may be attributed. The defend-
ant in his answer as well as in the evidence offered on his be-
half, admits that his car was not brought to a full stop on St.
Ann Street before crossing Bourbon Street. This was clearly a
violation of the city ordinance offered in evidence, and unless
defendant can show plaintiff was in other ways also negligent or
failed, when able, to avoid the accident, plaintiff must recover.
See Brooklyn Cooperage Co. v. Paul Piazzo, No. 8820 Orleans Appeal.
(Decided January 22, 1923).

The only manner in which defendant attempts to fix
the responsibility on plaintiff is by alleging and attempting to
prove that plaintiff's car was travelling down Bourbon Street at a
terrific speed of some thirty or thirty-five miles an hour. Both
of plaintiff's witnesses swear that his car was not going over
twelve to fifteen miles an hour. There is contrary evidence in

317

the record given by defendant's witnesses, all of whom were occupants of defendant's car and all being young girls, inexperienced in driving automobiles, each of them admitting that they were more or less excited at the time of the accident. We are not inclined to give much weight to their testimony as to the speed of plaintiff's car. The plaintiff also charges that defendant's car was exceeding the speed limit, but we do not believe that either car was violating the ordinance in this respect. We do not find from the record before us that plaintiff was in any manner guilty of contributary negligence or that he could have avoided the accident, despite the evident negligence of defendant. There is nothing before us which would justify conclusions contrary to those of the trial court.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment herein appealed from be and the same hereby is affirmed, at defendant's costs in both courts.

JUDGMENT AFFIRMED.                    APRIL 2, 1923.